**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JUSTIN SZEWCZYK, individually and on behalf of other persons similarly situated,<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>TRANSUNION DATA SOLUTIONS LLC, a Foreign Corporation registered to do business in the State of Illinois; and DOES 1-10 inclusive,<br><br>　　　　　Defendant(s). | **Case No.:** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JUSTIN SZEWCZYK (hereafter "Plaintiff") files his Class Action Complaint and Demand for Jury Trial against Defendants TRANSUNION DATA SOLUTIONS LLC and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.　Defendant is a tenant screening company that furnishes tenant screening reports to prospective landlords. Its reports include information related to an applicant's credit history, eviction history and criminal history.

2.　On or about May 12, 2020, Plaintiff submitted a residential rental application.

-1-

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

3. In connection with Plaintiff's housing application, Defendant furnished a consumer report on Plaintiff.

4. Defendant disclosed that Plaintiff belongs to the National Sex Offender Registry and the Colorado Sex Offender Registry.

5. Including "National Sex Offender Records Found" and "Colorado Sex Offender Registry" incorrectly suggests that Plaintiff is a sex offender.

6. Under the Sex Offender Registration and Notification Act (34 USC § 20911 *et seq.*) § 20911(8), a juvenile is considered convicted of a sex offense only if the offender was 14 years of age or older at the time of the offense and the offense was comparable to or more severe than aggravated sexual abuse (as described in 18 USC § 2241).

7. The Sex Offender Registration and Notification Act (34 USC § 20911 *et seq.*) § 20911(1) defines sex offender as an individual who was convicted of a sex offense.

8. Plaintiff was 13 years of age when he committed an offense that was neither comparable nor more severe than aggravated sexual abuse.

9. Since Plaintiff is not considered to have been convicted of a sex offense, he is not a sex offender.

10. Plaintiff's juvenile offense does not fall under the requirements to be included in a jurisdiction-wide sex offender registry (34 USC § 20912(a)).

11. The Dru Sjodin National Sex Offender Public Website includes all relevant information for each sex offender listed on a jurisdiction's site (34 USC § 20922(b)).

12. Since Plaintiff's juvenile offense would not be included in a jurisdiction-wide sex offender registry, Plaintiff would not be included in the Dru Sjodin National Sex Offender Public Website either.

13. Indeed, Plaintiff's name does not appear on the National Sex Offender Search.

14. Under Colorado Revised Statutes § 16-22-111, the state sex offender list includes any person who is a sexually violent predator.

15. In relation to Plaintiff's juvenile offense, he was not sentenced as or found to be a sexually violent predator.

16. Accordingly, Plaintiff's name does not appear on the Colorado Sex Offender Search.

17. Plaintiff would also not be considered a juvenile sex offender under 730 ILCS § 152/105.

18. A cursory search of the National Sex Offender Registry and the Colorado Sex Offender Registry prior to disclosure would have alerted Defendant that Plaintiff is not a sex offender.

19. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the **_maximum possible accuracy_** of the information reported. Failing to ensure an accurate sex offender status is a clear violation of this statute.

20. Defendant did not have defined processes to verify the accuracy of the public records information provided.

21. The only time Defendant conducts any such verification is *after* a consumer dispute and the apartment is already lost.

22. As a direct result of Defendant's failure to verify public records, Plaintiff was denied housing.

23. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of housing.

24. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

### THE PARTIES

25. Plaintiff is an individual and resident of the County of El Paso, Colorado Springs, Colorado.

26. Defendant is a consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq.*) 15 USC §1681(a)(f).

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

27. Defendant is a foreign corporation with its principle place of business in Illinois. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Illinois Corporation Service.

28. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

29. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTION AND VENUE

31. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and had its principal place of business in Illinois and venue is appropriate because the Defendant's conduct occurred in the Northern District of Illinois.

## CLASS ACTION ALLEGATIONS

32. Plaintiff seeks to represent a Class of persons similarly situated to him defined as: "All consumers for whom Defendant, in the two years predating the filing of this Complaint sold a consumer report disclosing the sex offender records of a consumer which do not appear on the National Sex Offender Registry."

33. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices.

34. The Class includes more than 50 members.

35. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

36. There are common questions of law and fact including: (a) Whether Defendant violated the FCRA by furnishing erroneous criminal records information as prohibited by the FCRA, (b) Whether Defendant knew or had reasonable cause to believe that the criminal records information furnished by it are erroneous, (c) Whether Defendant's violations of the FCRA were willful, (d) The proper measure of statutory damages, (e) The proper measure of punitive damages.

37. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

38. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

39. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

40. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

41. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

42. Plaintiff retained counsel experienced in class action litigation.

**FIRST CAUSE OF ACTION**
**(15 USC §1681(e)(b) and DOES 1-10)**

43. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

-5-

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

44. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

45. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an accurate sex offender status is insufficient to assure maximum possible accuracy of the criminal history information reported.

46. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

47. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of a putative Class prays for judgment against Defendants, and each of them, as follows:

   a. For a declaration that Defendants' practices violate FCRA
   b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
   c. For certification of this case as a Class Action pursuant to Federal Rule of Civil Procedure 23;
   d. For interest upon such damages as permitted by law;
   e. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
   f. For the costs of the lawsuit;
   g. For injunctive relief as applicable; and
   h. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: May 12, 2022

By: _____/s/_____
      DEVIN H. FOK ESQ.
      **DHF LAW, P.C.**
      Attorney for Plaintiff

Devin Fok
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
**DHF Law, PC**
2304 Huntington Drive, Suite 210
San Marino, CA 91801
Ph: (888) 651-6411
Fax: (818) 484-2023
*(Pro Hac Applications Pending)*

John Kunze
kunze@fishlawfirm.com
**FISH POTTER BOLAÑOS, P.C.**
200 East 5th Avenue, Suite 123
Naperville, IL 60563
www.fishlawfirm.com
docketing@fishlawfirm.com
Tel: (630) 355-7590
*(Designated as Local Counsel)*

Attorneys for Plaintiff

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL