UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN SZEWCZYK, individually and on behalf of other persons similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>TRANSUNION RENTAL SCREENING SOLUTIONS, INC, a Foreign Corporation registered to do business in the State of Illinois; and DOES 1-10 inclusive,<br><br>Defendant(s). | Case No.: 1:22-cv-02526 |

## PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JUSTIN SZEWCZYK (hereafter "Plaintiff") files his Second Amended Class Action Complaint and Demand for Jury Trial on behalf of himself and persons similarly situated against Defendants TRANSUNION RENTAL SCREENING SOLUTIONS, INC and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. Defendant is a consumer reporting agency that furnishes tenant screening reports to prospective landlords. Its reports include information related to an applicant's credit history, eviction history and criminal history.

-1-

SECOND AMENDED CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

2. On or about May 12, 2020, Plaintiff submitted a residential rental application to his prospective landlord.

3. In connection with Plaintiff's housing application, Defendant furnished a consumer report on Plaintiff.

4. Defendant disclosed that Plaintiff belongs to the National Sex Offender Registry.

5. Including "National Sex Offender" incorrectly suggests that Plaintiff is a sex offender.

6. Under the Sex Offender Registration and Notification Act (34 USC § 20911 *et seq.*) § 20911(8), a juvenile is considered convicted of a sex offense only if the offender was 14 years of age or older at the time of the offense and the offense was comparable to or more severe than aggravated sexual abuse (as described in 18 USC § 2241).

7. The Sex Offender Registration and Notification Act (34 USC § 20911 *et seq.*) § 20911(1) defines sex offender as an individual who was convicted of a sex offense.

8. Plaintiff was 13 years of age when he committed an offense that was neither comparable nor more severe than aggravated sexual abuse.

9. Since Plaintiff is not considered to have been convicted of a sex offense, he is not a sex offender.

10. Plaintiff's juvenile offense does not fall under the requirements to be included in a jurisdiction-wide sex offender registry (34 USC § 20912(a)).

11. The Dru Sjodin National Sex Offender Public Website includes all relevant information for each sex offender listed on a jurisdiction's site (34 USC § 20922(b)). It is the official public sex offender website maintained by the United States Department of Justice disclosing public information related to all qualifying registered sex offenders. Plaintiff is aware of no other "National Sex Offender" registry maintained by the Federal Government.

12. Since Plaintiff's juvenile offense would not be included in a jurisdiction-wide sex offender registry, Plaintiff would not be included in the Dru Sjodin National Sex

SECOND AMENDED CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

Offender Public Website either. Plaintiff's consumer report disclosing that he National Sex Offender records were founds misrepresents that Plaintiff would be included in the Dru Sjodin National Sex Offender Public Website.

13. Indeed, Plaintiff's name does not appear in a search of the same.

14. In relation to Plaintiff's juvenile offense, he was not sentenced as or found to be a sexually violent predator.

15. Plaintiff would also not be considered a juvenile sex offender under 730 ILCS § 152/105.

16. A cursory search of the National Sex Offender Registry prior to disclosure would have alerted Defendant that Plaintiff is not a sex offender.

17. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Failing to ensure an accurate sex offender status is a clear violation of this statute.

18. Disclosing Plaintiff as being a National Sex Offender is an inaccurate representation of his criminal record status. Since only people deemed to be a sexually violent predator or only people deemed to have committed an offense commensurate with an aggravated sex offense can be found on a public sex offender registry, Defendant's disclosure that Plaintiff's records are found on the registry misrepresents to the reader that he either committed an aggravated sex offense and/or he was a sexually violent predator. Accordingly, the consumer report is inaccurate and/or misleading as a matter of law.

19. Defendant's conduct ensures that Plaintiff will never obtain housing and/or employment if its reports are used. Thus, effectively ensuring that Plaintiff will never be a contributing member of society.

20. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result.

21. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

22. Plaintiff is an individual and resident of the County of El Paso, Colorado Springs, Colorado. He is a "consumer" as per 15 USC §1681(a)(c).

23. Defendant is a consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq.*) 15 USC §1681(a)(f).

24. Defendant is a foreign corporation with its principle place of business in Illinois. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Illinois Corporation Service.

25. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

26. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

27. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTION AND VENUE

28. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and had its principal place of business in Illinois and venue is appropriate because the Defendant's conduct occurred in the Northern District of Illinois.

SECOND AMENDED CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

## CLASS ALLEGATIONS

29. Plaintiff pleads the following class action claim against Defendant, on behalf of himself and the Class defined below under Federal Rule of Civil Procedure 23(b)(3):

> All consumers for whom Defendant in the two years predating the filing of this First Amended Complaint and continuing through the date the class list is prepared, sold a consumer report stating that "National Sex Offender Records Found" and whose name does not appear on the "Dru Sjodin National Sex Offender Public Website" maintained by the United States Department of Justice.

31. Ascertainability: The Class is ascertainable in that it comprises individuals who can be identified by reference to purely objective criteria, including information from consumer report files in Defendant's business records. Notice may be mailed to Class members using the information in Defendant's files, as updated through the National Change of Address Registry and other commercially available means.

32. Numerosity: The Class is so numerous that joinder of all class members is impracticable. Although the precise number of Class members is not currently known, Defendant's large size and systematic operations shows that the Class likely consists of at least hundreds of persons and, therefore, it would be impracticable to bring all these persons before the Court as individual plaintiffs.

33. Typicality: Plaintiff's claims are typical of the members of the Class and he seeks to represent these claims which all arise from the same operative facts and are based on the same legal theories. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and Defendant treated Plaintiff consistent with other class members in accordance with its standard policies and practices.

34. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex class action litigation.

35. Commonality: Common questions of law and fact exits as to all members of the Class and predominate over any questions soley affecting individual members of the Class, including but not limited to:

(a) Whether Defendant violated the FCRA by furnishing consumer reports regarding Plaintiff and the Class to third parties containing inaccurate and incomplete criminal records information as prohibited by the FCRA;

(b) Whether Defendant violated 15 U.S.C. section 1681e(b) by furnishing inaccurate and incomplete criminal records information as prohibited by the FCRA;

(c) Whether Defendant knew or had reasonable cause to believe that the criminal records information furnished by it is inaccurate and incomplete;

(d) Whether Defendant's violations of the FCRA were willful;

(e) The proper measure of statutory damages; and

(f) The proper measure of punitive damages.

36. Superiority: A class action is a superior method for the fair and efficient adjudication of this controversy. This interests of Class members in individually controlling the prosecution of separate claims against Defendant is small, as actual damages would be difficult and expensive to prove and the maximum statutory damages recoverable by any one Class member is limited to $1,000 under the FCRA. Management of the Class's claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

**FIRST CAUSE OF ACTION**

**(15 USC §1681e(b) and DOES 1-10)**

*(Plaintiff on behalf of himself and the Class)*

37. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

38. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing incomplete and inaccurate criminal records.

39. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an accurate sex offender status is insufficient to assure maximum possible accuracy of the criminal history information reported.

40. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

41. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of a putative Class prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA
b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
c. For certification of this case as a Class Action pursuant to Federal Rule of Civil Procedure 23;
d. For interest upon such damages as permitted by law;
e. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
f. For the costs of the lawsuit;
g. For injunctive relief as applicable; and
h. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

SECOND AMENDED CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

DATED: July 13, 2022

By: _____
DEVIN H. FOK ESQ.
**DHF LAW, P.C.**
Attorney for Plaintiff

Devin Fok
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
**DHF Law, PC**
2304 Huntington Drive, Suite 210
San Marino, CA 91801
Ph: (888) 651-6411
Fax: (818) 484-2023
*(Pro Hac Applications Pending)*

John Kunze
kunze@fishlawfirm.com
**F**ISH **P**OTTER **B**OLAÑOS**, P.C.**
200 East 5th Avenue, Suite 123
Naperville, IL 60563
www.fishlawfirm.com
docketing@fishlawfirm.com
Tel: (630) 355-7590
*(Designated as Local Counsel)*

Attorneys for Plaintiff

-8-

SECOND AMENDED CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL